**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO MANUEL SALDANA-VELEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-932 <br><br> Agency No. <br> A095-761-039 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025**
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Petitioner Ricardo Saldana-Velez, a native and citizen of Mexico, seeks

review of an order by the Board of Immigration Appeals (BIA) denying his motion

to remand to seek cancellation of removal under 8 U.S.C. § 1229b(b)(1). The BIA

declined to remand because Petitioner had failed to make a prima facie showing that

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

he would be eligible for cancellation of removal. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (explaining that the BIA can deny a motion to reopen for lack of a prima facie case for the relief sought); *see also Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) (noting that the requirements of a motion to remand are the same for a motion to reopen). Petitioner failed to show that there was a "reasonable likelihood," *Fonseca-Fonseca*, 76 F.4th at 1179, that he could prove a qualifying relative would suffer the requisite "exceptional and extremely unusual hardship" upon his removal, 8 U.S.C. § 1229b(b)(1)(D).[1]

We have jurisdiction to review the BIA's hardship determination under 8 U.S.C. § 1252(a)(2)(D), as it is a mixed question of law and fact. *See Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). Petitioner must establish hardship that is "substantially beyond that which ordinarily would be expected to result from the alien's deportation." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (BIA 2001)). We deny the petition under our "deferential" review. *Wilkinson*, 601 U.S. at 225.

---

[1] The BIA also denied the motion because Petitioner had failed to show that his vacated conviction for a crime involving moral turpitude under California Penal Code § 472 had been vacated based on a procedural or substantive defect, and thus that conviction still barred him from being eligible for cancellation of removal. We do not consider this alternative basis, given our decision to uphold the BIA's dispositive hardship determination.

Petitioner argues that his wife and children, who are U.S. citizens, rely on him for emotional and financial support. He also points to evidence that his son is enrolled in special education classes because of learning disabilities and claims that his son would be unable to relocate with him to Mexico. But as explained by the BIA, Petitioner never addressed whether his family would relocate to Mexico or stay in the U.S. upon his removal. And Petitioner never claimed that his son would lose access to his educational services because of Petitioner's removal. He also never explained how his family would suffer the requisite hardship if his children stayed in the U.S. with his wife. His wife is employed, provides medical insurance to their children, and appears to be the primary caretaker.

Petitioner provided no compelling evidence of exceptional and extremely unusual hardship. Rather, his evidence largely demonstrated the type of hardships that would ordinarily be expected to result from a father's removal. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (stating that emotional hardships on children are "sadly common . . . when an alien parent is removed"). The BIA therefore reasonably denied the motion to remand.

**PETITION DENIED.**